Filed 9/8/25  P. v. Smith CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

THE PEOPLE,

    Plaintiff and Respondent,

v.

BRANDON LEE SMITH,

    Defendant and Appellant.

E083089

(Super.Ct.No. RIF1302006)

OPINION

APPEAL from the Superior Court of Riverside County.  John D. Molloy, Judge. Reversed and remanded with directions.

Joanna McKim, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Arlene A. Sevidal and Susan Elizabeth Miller, Deputy Attorneys General, for Plaintiff and Respondent.

1

At a hearing pursuant to Penal Code section 1172.75,[1] the court found defendant and appellant Brandon Lee Smith ineligible for a full resentencing hearing.  On appeal, defendant contends this court should reverse the order and remand the matter to the trial court with directions to hold a full resentencing hearing.  We reverse and remand the matter with directions.

## I.  PROCEDURAL BACKGROUND

On June 10, 2014, a jury found defendant guilty of robbery (Pen. Code, § 211, count 1), petty theft with a prior (Pen. Code, §§ 484, subd. (a), former 666, subd. (b)(1) [eff. Oct. 2011], count 2), possession of a controlled substance (Health & Saf. Code, § 11350, count 3), and false identification to a police officer (Pen. Code, § 148.9, subd. (a), count 4).  Defendant admitted he had suffered three prior serious felony convictions (Pen. Code, § 667, subd. (a)), one prior prison term (Pen. Code, § 667.5, subd. (b)), and four prior strike convictions (Pen. Code, §§ 667, subds. (c), (e), 1170.12, subd. (c)).  (*People v. Smith* (Jan. 6, 2016, E061598) [non.pub.] (*Smith I*); *People v. Smith* (Jan. 11, 2018, E066716) [non.pub.] (*Smith II*).)

---

[1]  All further statutory references are to the Penal Code.

The court sentenced defendant to 23 years eight months of imprisonment;[2] the court imposed but struck sentence on the prior prison term enhancement.[3] (*Smith I, supra,* E061598; *Smith II, supra,* E066716.)

Defendant appealed. This court reversed the sentence and remanded the matter to the trial court with directions to resentence defendant to only one five-year prison term for defendant's three prior serious felony convictions. (§ 667, subd. (a)(1).) This court noted that the court could reconsider its discretionary sentencing choices other than its decision to strike defendant's prior strike convictions. (*Smith I, supra,* E061598.)

On remand, the court resentenced defendant to 17 years eight months of imprisonment; the court, again, imposed but struck sentence on the prior prison term enhancement.[4] The court denied defendant's request to reduce his petty theft with a prior and possession of a controlled substance offenses to misdemeanors; the court found defendant posed an unreasonable risk of committing a serious or violent felony punishable in California by life imprisonment or death. (*Smith II*, *supra*, E066716.)

---

[2] The court struck three of the prior strike convictions. (*Smith I, supra,* E061598; *Smith II, supra,* E066716.)

[3] The abstract of judgment reflects the prior prison term enhancement with the notation "PS" or punishment stricken. This differs from other cases in which the court strikes the enhancement in its entirety, and the enhancement is not reflected at all on the abstract of judgment.

[4] The abstract of judgment again reflects the prior prison term enhancement with the notation "PS" or punishment stricken.

3

Defendant appealed. This court reversed and directed the court to reconsider whether resentencing defendant posed an unreasonable risk of danger to public safety and then grant or deny the petition in accordance with its conclusion on that issue (§ 1170.18, subd. (b)). (*Smith II, supra,* E066716.) Nothing in the record reflects what occurred on remand.

At an unreported hearing on December 21, 2023, at which defendant was represented by counsel,[5] the court found defendant ineligible for resentencing and denied defendant's "motion."

## II. DISCUSSION

Defendant contends this court should reverse and remand the matter with directions to the trial court to hold a full resentencing hearing. The People agree.[6] We

---

[5] "[S]ection 1172.75 does not authorize a defendant to seek resentencing on his or her own motion or petition. Rather the process is triggered by the Department of Corrections and Rehabilitation [CDCR] identifying a defendant as a person serving a sentence that includes a prior prison term enhancement. [Citation.]" (*People v. Cota* (2023) 97 Cal.App.5th 318, 332; accord, *People v. Newell* (2023) 93 Cal.App.5th 265, 268; accord, *People v. Burgess* (2022) 86 Cal.App.5th 375, 382 [Lower and appellate courts lack jurisdiction over a request for section 1172.75 relief brought solely by a defendant].) On our own motion, we took judicial notice of a CDCR list, which identifies individuals potentially eligible for section 1172.75 relief; defendant's name appears on that list.

[6] We issued a tentative opinion on June 5, 2025, in which we proposed to affirm the matter because defendant's judgment included a prior prison term upon which the court struck punishment; thus, we proposed to hold that since defendant was not serving a term of imprisonment for the enhancement, he was not entitled to a full resentencing hearing. Thereafter, the California Supreme Court issued its opinion in *People v. Rhodius* (2025) 17 Cal.5th 1050 (*Rhodius*), holding that defendants whose judgments include *stayed* prior prison terms are entitled to full resentencing hearings when courts strike the now invalid prior prison term enhancements. We vacated submission of the

*[footnote continued on next page]*

4

reverse and remand the matter with directions to the trial court to hold a full resentencing hearing.

"In 2019, in an effort to reduce the societal and fiscal burdens of incarceration, the Legislature passed Senate Bill No. 136 (2019–2020 Reg. Sess.) (Senate Bill No. 136), which amended section 667.5[, subdivision] (b) to eliminate prior-prison-term enhancements for all prior crimes except for 'sexually violent offense[s] as defined in subdivision (b) of Section 6600 of the Welfare and Institutions Code.' (Stats. 2019, ch. 590, § 1.) In 2021, Senate Bill No. 483 (2021–2022 Reg. Sess.) made this change retroactive. It enacted Penal Code section 1171.1 (Stats. 2021, ch. 728, §§ 1, 3), later renumbered without substantive change as Penal Code section 1172.75 (section 1172.75) (Stats. 2022, ch. 58, § 12), which declares: 'Any sentence enhancement that was imposed prior to January 1, 2020, pursuant to subdivision (b) of Section 667.5, except for any enhancement imposed for a prior conviction for a sexually violent offense as defined in subdivision (b) of Section 6600 of the Welfare and Institutions Code is legally invalid.' [Citation.]" (*Rhodius*, *supra*, 17 Cal.5th at p. 1054.)

"A defendant serving a term for a judgment that includes a now-invalid enhancement is entitled to resentencing. [Citation.] To facilitate the process, the statute directs [the CDCR] to 'identify those persons in their custody currently serving a term for a judgment that includes an enhancement described in subdivision (a).' [Citation.] Upon receiving that information, the sentencing court must 'review the judgment and verify

case and our tentative opinion; we provided the parties the opportunity to file supplemental briefs on the effect of *Rhodius* in this case, which they have done.

5

that the current judgment includes a sentencing enhancement described in subdivision (a).' [Citation.] 'If the court determines that the current judgment includes an enhancement described in subdivision (a), the court shall recall the sentence and resentence the defendant.' [Citation.] The statute provides separate deadlines for identification, review, and resentencing of 'individuals . . . currently serving a sentence based on the enhancement' and 'all other individuals.' [Citation.]" (*Rhodius*, *supra*, 17 Cal.5th at p. 1055.)

"Section 1172.75, subdivision (d) sets forth detailed instructions for resentencing once a sentence has been recalled. As relevant here, subdivision (d) specifies: 'Resentencing pursuant to this section shall result in a lesser sentence than the one originally imposed as a result of the elimination of the repealed enhancement, unless the court finds by clear and convincing evidence that imposing a lesser sentence would endanger public safety. Resentencing pursuant to this section shall not result in a longer sentence than the one originally imposed.' [Citation.] The trial court must 'apply the sentencing rules of the Judicial Council' as well as 'any other changes in law that reduce sentences or provide for judicial discretion so as to eliminate disparity of sentences and to promote uniformity of sentencing.' [Citation.] In addition, the court may 'consider postconviction factors, including, but not limited to, the disciplinary record and record of rehabilitation of the defendant while incarcerated, evidence that reflects whether age, time served, and diminished physical condition, if any, have reduced the defendant's risk for future violence, and evidence that reflects that circumstances have changed since the

6

original sentencing so that continued incarceration is no longer in the interest of justice.' [Citation.]" (*Rhodius*, *supra*, 17 Cal.5th at p. 1055.)

"[S]ection 1172.75 entitles a defendant to resentencing if the underlying judgment includes a prior-prison-term enhancement that was imposed before January 1, 2020, regardless of whether the enhancement was then executed or instead stayed. [Citation.]" (*Rhodius*, *supra*, 17 Cal.5th at p. 1054.) "[W]e conclude that section 1172.75[, subdivision] (a) is most naturally read to mean that a covered enhancement is invalid if it was 'imposed' before January 1, 2020, not just if it was 'imposed and executed.'" (*Id.* at p. 1063.) Defendants are entitled to full resentencing hearings whenever a prior prison term enhancement "was imposed, whether punishment was executed, stayed, or struck." (*People v. Espino* (2024) 104 Cal.App.5th 188, 193, review granted Oct. 23, 2024, S286987 (*Espino*); contra, *id.* at p. 203 (dis. opn. of Lie, J.) ["So the concept of a sentence enhancement being 'imposed' when its punishment was stricken is not one I claim to comprehend."].)[7]

Here, defendant's judgment includes a prior prison term that the sentencing court *imposed* but struck punishment on before January 1, 2020. The prior prison term was not for a sexually violent offense. At the hearing at which the court struck the enhancement,

---

[7] The California Supreme Court, recognizing that it had rendered a final decision in *Rhodius*, recently requested briefing in *Espino* "limited to the following issue: Is a defendant entitled to resentencing under Penal Code section 1172.75 when the judgment in the defendant's criminal case includes a prior-prison-term enhancement that was imposed but for which punishment was stricken?" (<https://appellatecases.courtinfo.ca.gov/search/case/dockets.cfm?dist=0&doc_id=3111844&doc_no=S286987&request_token=NiIwLSEnTkw3WyBdSCFNVENIMEw0UDxTKyM%2BIzJSQCAgCg%3D%3D> [as of Sept. 8, 2025].)

7

the court denied defendant's request for a full resentencing hearing. Thus, pursuant to *Rhodius* and *Espino*, the matter must be reversed and remanded with directions to the court below to hold a full resentencing hearing.[8]

### III. DISPOSITION

The matter is reversed and remanded to the trial court with directions to hold a full resentencing hearing. We express no opinion on whether defendant would be entitled to any further relief on remand.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

McKINSTER
                                                                    Acting P. J.

We concur:

MILLER
                    J.

MENETREZ
                    J.

---

[8] Here, the court neglected to strike the enhancement. There is no new abstract of judgment in the record. Thus, we shall direct the court below to strike the enhancement in its entirety. (§ 1172.75, subd. (a) ["Any sentence enhancement that was imposed prior to January 1, 2020, pursuant to subdivision (b) of Section 667.5, except for any enhancement imposed for a prior conviction for a sexually violent offense as defined in subdivision (b) of Section 6600 of the Welfare and Institutions Code is legally invalid."]; *People v. Monroe* (2022) 85 Cal.App.5th 393, 402 ["By its plain terms, section 1172.75 requires . . . the trial court strike the newly 'invalid' enhancements."]; accord, *People v. Garcia* (2024) 101 Cal.App.5th 848, 855; accord, *People v. Green* (2024) 104 Cal.App.5th 365, 373.)